```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**RICKIE A. MCKEAN and**
**DEBORAH MCKEAN, his wife,**

    Plaintiffs

v.                                         CIVIL ACTION NO. 2:05-0176

**WAL-MART STORES, INC., a**
**corporation, and JOANIE SMALLS,**

    Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiffs' motion, filed March 16, 2005, to remand this action to the Circuit Court of Kanawha County, and to award costs, expenses, and attorney fees.

### I.

Plaintiffs filed their complaint initiating this action in the Circuit Court of Kanawha County on January 28, 2005. They allege that Rickie McKean, while delivering goods to a store of defendant Wal-Mart Stores, Inc. ("Wal-Mart"), was struck and injured by a defective delivery bay warehouse door. (Compl. ¶

4.)  Defendant Smailes[1] is the facility manager for the Wal-Mart location at which the incident occurred.  (Affidavit of Joni Coleen Smailes, attached as Exh. A to Not. of Rem., ¶ 1.)  Plaintiffs say that both defendants were aware that the door had a history of faulty operation.  (Compl. ¶ 5.)  According to an affidavit signed by defendant Smailes, who stated that she inspected the delivery bay doors when problems were reported, a forklift collided with the door that struck plaintiff Rickie McKean some six to eight months prior to McKean's injury, but Smailes received no complaints about the door in that period preceding his injury.  (Not. of Rem. Exh. A ¶¶ 7-8.)

Defendants jointly removed this action on February 28, 2005, invoking the fraudulent joinder doctrine.  (Not. of Rem. ¶ 7.)  They state that defendant Smailes was on her lunch break at the time of plaintiff's accident, that there were no prior incidents of malfunction related to the door that allegedly struck Rickie McKean, and that McKean's own negligence contributed to his injury.  (Not. of Rem. ¶¶ 8-9.)  Defendants argue that no cause of action can be maintained against defendant Smailes, a West Virginia resident (Not. of Rem. ¶ 6), and that

---

[1]    Defendants state that Joni Smailes is incorrectly named "Joanie Smalls" in the style of this action (Def. Mem. at 1) but have presented no motion to correct the misnomer.

she was named as a defendant together with Wal-Mart, a Delaware corporation with a principal place of business in Arkansas (Not. of Rem. ¶ 5), solely for the purpose of defeating diversity jurisdiction. Plaintiffs are residents of West Virginia. (Not. of Rem. ¶ 4.) Plaintiffs filed their motion to remand on March 16, 2005.

## II.

To establish diversity jurisdiction, each defendant must be a citizen of a different state from each plaintiff. 28 U.S.C. § 1332(a). The fraudulent joinder doctrine, when applicable, permits a district court to assume jurisdiction over a case even if there are nondiverse named defendants at the time of removal. <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999). The "doctrine effectively permits the court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." <u>Id.</u>

In order to establish fraudulent joinder, the removing defendants must demonstrate (1) that there is no possibility that plaintiff can establish a cause of action against defendant Smailes, or (2) that "there was outright fraud in the plaintiff's

3

pleading of jurisdictional facts." See Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). The burden of demonstrating fraudulent joinder is heavy. Id. The defendants must show that plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor. Id. at 232-233 (citing Poulos v. NAAS Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999); Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990) (holding that a party will be deemed fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned). Moreover, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. at 233 (citing 14A Charles A. Wright et al., Federal Practice & Procedure § 3723, at 253-254 (1985)).

Nonetheless, a finding of fraudulent joinder is warranted when the record before the court demonstrates either that "no cause of action is stated against the non-diverse

4

defendant, or *in fact* no cause of action exists.  In other words, a joinder is fraudulent if 'there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming.'"  <u>Aids Counseling & Testing Centers v. Group W Television, Inc.</u>, 903 F.2d 1000, 1003 (4th Cir. 1990) (emphasis in original).

In order to determine whether an attempted joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'"  <u>Aids Counseling</u>, 903 F.2d at 1003 (<u>quoting</u> <u>Dodd v. Fawcett Publications, Inc.</u>, 329 F.2d 82, 85 (10th Cir. 1964)).

### III.

This lawsuit arises in part from plaintiffs' allegation that

> both defendants in this case were aware of the fact that the warehouse door in question had operated in an unsafe manner on several occasions immediately prior to the incident in question. Defendants . . . had failed to correct the obvious defect in the warehouse exterior door, even though they had been aware of its prior negligent operation and defective condition.

(Compl. ¶ 5.)

In <u>Doe v. Wal-Mart Stores, Inc.</u>, 479 S.E.2d 610 (W.Va. 1996)(<u>per curiam</u>), cited by plaintiffs, the state Supreme Court of Appeals reversed the trial court's dismissal for failure to state a claim on which relief could be granted, writing that "if Wal-Mart and Wal-Mart's manager also in some way participated in the possession of the [premises] and opened it to business invitees in conjunction with the conduct of the Wal-Mart business on the overall premises, the Court believes <u>it</u> could be held liable. . ." <u>Id</u>. at 619 (emphasis supplied). Jane Doe had sued Wal-Mart, its landlord, and its store manager after being abducted from a parking lot outside the store and sexually assaulted. Ultimately, the court determined that background information had not been sufficiently developed as to the relationship of each Wal-Mart and its landlord, B.C. Associates Limited Partnership, to the premises so that the court could evaluate the trial court's order of dismissal. The case was remanded with respect to all defendants, including Wal-Mart's store manager, Robert Belcher.[2]

---

[2] Defendants challenge the applicability of <u>Doe</u>, arguing that the West Virginia Supreme Court considered only the trial court's dismissal of the complaint <u>in</u> <u>toto</u>, and did not pass separately on the question of whether a negligence action could be maintained against the individual manager. The only issue that was before that court, defendants aver, was whether the complaint failed to state a claim on which relief could be

6

Defendants, citing Martin v. Norfolk and W.R. Co., 43 F.2d 293 (4th Cir. 1930), suggest that Smailes has no liability here because plaintiffs did not assert that Smailes had engaged in "concurrent negligence" with Wal-Mart. In Martin, the Fourth Circuit Court of Appeals said that a "concurrence [of the defendants'] acts of omission" caused the plaintiff's injury, and held that "upon the facts stated in the declaration and petition for removal, whatever liability exists, it is a case of joint, or joint and several, liability. . ." Id. at 297. Concurrent omissions causing injury appear to be what plaintiffs have pled here.[3] "Where two or more persons are guilty of negligent acts or omissions which in point of time and place concur, and together proximately cause or contribute to the injury of another person, they are guilty of concurrent negligence. . ." Syl. pt. 1, Lewis v. Mosorjak, 104 S.E.2d 294 (W.Va. 1958). Plaintiffs averred that both defendants "had failed to correct the obvious defect in the warehouse exterior door, even though they had been aware of its prior negligent operation and defective condition."

---

granted in consideration of the intervention of an independent criminal act for which Wal-Mart, its landlord, and its manager were not responsible.

[3] Concurrent negligence is not, however, the sole basis in West Virginia for establishing that parties are joint tortfeasors. See Streavin v. Cleavenger, 603 S.E.2d 197, 210 (W.Va. 2004).

7

(Compl. ¶ 5.)  This charge seems to sufficiently plead joint, or joint and several, liability based on concurrent negligence.

Employees in West Virginia are not relieved of tort liability by the application of respondeat superior, even when acting in the scope of their employment.[4]  Musgrove v. The Hickory Inn, Inc., 281 S.E.2d 499, 501 (W.Va. 1981).  See also State ex rel. Bumgarner v. Sims, 79 S.E.2d 277, 289 (W.Va. 1953)("In this jurisdiction a joint action of tort may be instituted against a master and servant in a case in which the plaintiff's injuries were occasioned solely by the negligence of the servant. . .")[5]; Syl. pt. 5, Courtless v. Joliffe, 507 S.E.2d 136 (W.Va. 1998)(per curiam)(In action alleging employer was liable for employee's negligence, court held that "[a]n agent or

---

[4] The West Virginia Supreme Court has expressed doubt that concurrent negligence can exist within a master and servant or a principal and agent relationship, inasmuch as "[o]rdinarily, they are considered as one."  See Miller v. Douglas, 5 S.E.2d 799, 803 (W.Va. 1939).  But because cases decided subsequent to Miller indicate that a master and his servant can be jointly liable, it appears that Miller does not preclude plaintiff from maintaining a cause of action against Smailes.

[5] In Bumgarner, the state Supreme Court enforced an award by the state court of claims and held that the state auditor's office had a "moral obligation" to compensate the plaintiff, who was negligently shot by the state's servant, the captain of the guards at a West Virginia penitentiary, acting in the scope of his employment.  The plaintiff had instituted an earlier action against the servant and prevailed, but the servant was unable to satisfy the judgment.

employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship.") It thus appears that the West Virginia Supreme Court may recognize a cause of action against a management level employee charged with some responsibility for maintaining the premises.

The question remains whether plaintiffs have sufficiently pled a cause of action against this particular manager, defendant Smailes. Together with their notice of removal, defendants filed an affidavit of Smailes in which she stated that she "inspected the bay doors, including the one in question, when and if there was a problem." (Not. of Rem. Exh. A ¶ 7.) Smailes's acknowledgment that she performed this duty indicates that she may have been charged with the responsibility of monitoring the delivery bay door for proper functioning. While defendants also have argued that Smailes "was not present at the time of the accident, was not on notice of any problem with the door, did not maintain the door when and if there were problems, and had never had any incident with the operation of the door even remotely similar to . . . Mr. McKean's alleged accident" (Def. Resp. At 3), Smailes's own affidavit shows her affirmative assumption of duty to check the operation of the

delivery bay door. It may be that the extent of Smailes's handling of the door in question is not completely developed, given the seeming contradiction between her argument and her sworn affidavit. In evaluating remand motions, the court is directed to view all facts in the light most favorable to plaintiffs, and Smailes's own affidavit shows that there exist questions of fact as to her duties.

Defendants urge the court to afford greater weight to Smailes's affidavit than plaintiffs' complaint inasmuch as she states in her affidavit that she was not aware of any defect of the delivery bay door, and inasmuch further as plaintiffs filed no affidavit or other evidence to rebut the statement of Smailes. This, however, is not the stage for resolution of the factual issues relating to the merits of plaintiff's claims against Smailes. <u>Hartley</u>, 187 F.3d at 425. Moreover, even taking all the allegations contained in Smailes's affidavit as true, there is no statement that forecloses the possibility that Smailes, who apparently undertook some responsibility with regard to the bay door, "reasonably should have known" about potential defects, as alleged in plaintiffs' complaint. (<u>See</u> Compl. ¶ 8.) The court need only determine that plaintiffs' claim has some possibility of success, not that plaintiffs ultimately will succeed.

**Plaintiffs have articulated such a possibility.**

**IV.**

**Plaintiffs seek costs, expenses, and attorney fees incurred in connection with their motion to remand. 28 U.S.C. 1447(c) provides in relevant part that, "an order remanding the case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal." The decision to award fees upon remand is discretionary. See In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). The case before the court is not one in which "a 'cursory examination would have revealed' a lack of federal jurisdiction." See In re Lowe, 102 F.3d at 733 n.2 (quoting Husk v. E.I. Du Pont De Nemours & Co., 842 F. Supp. 895, 899 (S.D.W.Va. 1994)). The court finds that defendants' removal was undertaken in good faith, and an award of costs is not warranted in this instance.**

**V.**

**For the reasons stated, it is ORDERED that plaintiffs' motion be, and it hereby is, granted insofar as it seeks remand to the Circuit Court of Kanawha County, and otherwise denied.**

11

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

Dated: July 26, 2005

John T. Copenhaver, Jr.
United States District Judge